**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED
2011 APR 14 P 12:52
U.S. DISTRICT COURT
NEW HAVEN, CT

**In Admiralty**

NORTH SHORE TOWING & DIVING, INC.,

Plaintiff,

- against -

M/Y MATRIX ROSE LLC (U.S. Doc. no. 1187725) its engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc., in rem,

Defendant.

Civil Action No. 3:11 cv 593 AWT

311CV00593AWT

## VERIFIED COMPLAINT

Plaintiff North Shore Towing & Diving, Inc. ("North Shore") by and through its undersigned counsel files this Verified Complaint in admiralty against the MATRIX ROSE LLC (U.S. Documentation number 1187725), its engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, in rem (collectively "M/Y MATRIX ROSE LLC" or "Defendant vessel") alleging as follows:

## JURISDICTION & VENUE

1. This is a case within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. This action is governed by the principles of the 1989 International Convention on Salvage as supplemented by the general maritime law of the United States.

3. This is an action to foreclose a maritime lien in accordance with Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. Venue for this civil action is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(2), as upon information and belief, the subject vessel is located within this District.

5. This action is commenced on behalf of the principal salvor, North Shore, who was the only salvor participating in the salvage of the M/Y MATRIX ROSE LLC.

**PARTIES**

6. Plaintiff North Shore is a corporation organized and existing under the laws of the State of New York and doing business in, among other locales, the State of Connecticut.

7. At all material times hereto, North Shore was engaged in the business of rendering professional marine towing and salvage services in the coastal waters of New York and Connecticut, including the Long Island Sound. To that end, North Shore maintains a purpose-built towing and salvage vessel in the port of Norwalk, Connecticut.

8. The Defendant vessel is an approximately 64' luxury motor yacht assigned United States Coast Guard Documentation number 1187725.

9. Upon information and belief, the M/Y MATRIX ROSE LLC is or will be during the pendency of the process herein, within the District of Connecticut and within the jurisdiction of this Court.

**STATEMENT OF FACTS**

10. On or about September 19, 2010, the M/Y MATRIX ROSE LLC was flooding with seawater.

11. North Shore arrived on scene with the M/Y MATRIX ROSE LLC and ultimately staged a salvage operation. At all material times, North Shore acted without any preexisting obligation to do so otherwise.

12. At all times, North Shore provided salvage services to the M/Y MATRIX ROSE LLC with the permission and acceptance of the Defendant vessel's owner and/or master.

13. North Shore's salvage efforts successfully freed the M/Y MATRIX ROSE LLC from its position of peril and were a benefit to the Defendant vessel.

14. North Shore rendered its services on a "No Cure, No Pay" basis in accordance with the 1989 International Convention on Salvage as supplemented by the General Maritime Law of the United States.

15. North Shore demanded a salvage award in writing, but no payment has been forthcoming.

16. North Shore demanded security for its claim of a maritime lien of salvage, but no response has been forthcoming.

**COUNT I**

FORECLOSURE OF A MARITIME LIEN FOR PURE VOLUNTARY SALVAGE

(M/Y MATRIX ROSE LLC -- In Rem)

17. North Shore adopts and reasserts the allegations in all of the above paragraphs and further states:

18. The M/Y MATRIX ROSE LLC was in a position of peril.

19. The salvage services rendered by North Shore resulted in the successful removal of the M/Y MATRIX ROSE LLC from its position of peril.

20. The salvage services rendered by North Shore yielded a useful result to the M/Y MATRIX ROSE LLC.

21. North Shore voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

22. North Shore provided salvage services to the M/Y MATRIX ROSE LLC at the request of the Defendant vessel's owner and/or master.

23. The salvage services rendered by North Shore were of the highest order and were furnished promptly, properly, efficiently and skillfully under conditions at the time.

24. North Shore used its personnel, vessel and equipment in saving the M/Y MATRIX ROSE LLC.

25. By virtue of having voluntarily and successfully delivered the M/Y MATRIX ROSE LLC from a condition of peril, North Shore is entitled to, among other things, a liberal salvage award in an amount not less than $37,500.

26. Pure salvage services rendered to a vessel in peril give rise to a maritime lien. Accordingly, North Shore enjoys maritime lien rights against the M/Y MATRIX ROSE LLC and is entitled to foreclose said rights against the Defendant vessel.

**COUNT II**

FORECLOSURE OF A MARITIME LIEN FOR CONTRACT SALVAGE

(M/Y MATRIX ROSE LLC -- In Rem)

27. North Shore adopts and reasserts the allegations in all of the above paragraphs and further states:

28. The M/Y MATRIX ROSE LLC was in a position of peril.

29. The owner and/or master of the Defendant vessel signed a Standard Form Yacht Salvage Contract agreeing to compensate North Shore for its salvage services on a "No Cure, No Pay" basis. A copy of the Salvage Contract is attached as Exhibit "A".

30. North Shore provided salvage services to the M/Y MATRIX ROSE LLC at the request of the Defendant vessel's owner and/or master.

31. The salvage services rendered by North Shore resulted in the successful removal of the M/Y MATRIX ROSE LLC from its position of peril.

32. The salvage services rendered by North Shore yielded a useful result to the M/Y MATRIX ROSE LLC.

33. The salvage services rendered by North Shore were of the highest order and were furnished promptly, properly, efficiently and skillfully under conditions at the time.

34. North Shore used its personnel, vessel and equipment in saving the M/Y MATRIX ROSE LLC.

35. By virtue of having voluntarily and successfully delivered the M/Y MATRIX ROSE LLC from a condition of peril, North Shore is entitled to, among other things, a liberal salvage award in an amount not less than $37,500.

36. Contract salvage services rendered to a vessel in peril give rise to a maritime lien. Accordingly, North Shore enjoys maritime lien rights against the M/Y MATRIX ROSE LLC and is entitled to foreclose said rights against the Defendant vessel.

WHEREFORE, Plaintiff North Shore Towing & Diving, Inc. prays for the following:

(A) That process in due form of law, according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the M/Y MATRIX ROSE LLC, a motor yacht, its engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc., in rem, and that all persons claiming any right, title, or interest therein be cited to appear and answer under oath the all and singular matters aforesaid;

(B) That all persons or entities having or claiming an interest therein be required to appear and answer the aforesaid matters;

(C) That said claim be declared to be a valid lien against the Defendant vessel including its engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc.;

(D) That said lien be foreclosed in accordance with the law and that a judgment be entered in favor of the Plaintiff and against said Defendant vessel including its engines, generators, tender, tackle, equipment, furnishings, electronics, contents, and appurtenances, etc., and that the Defendant vessel be condemned and sold to pay the demands and claims of the Plaintiff;

(E) That this Court further award Plaintiff the total amount due, plus pre- and post-judgment interest and costs, and that Plaintiff be permitted to recover the same from the Defendant Vessel, in rem;

(F) That the Court provide such other, further or different relief as it deems just and equitable under the circumstances.

// Signature Page Follows //

Dated: April 5, 2011

Fulweiler llc
Attorneys for Plaintiff
North Shore Towing & Diving, Inc.

/s/ John K. Fulweiler

John K. Fulweiler, Esq.
150 Airport Street, Second Floor
Quonset Point, RI 02852
(401) 667-0977 - Telephone
(401) 667-0979 - Facsimile
john@fulweilerlaw.com
Our File: 02014-North Shore

# Exhibit A

# North Shore Towing & Diving, Inc.

22 Locust Ave.
East Norwich, N.Y. 11732
(516) 624-3483 (203) 855-7918

## STANDARD FORM YACHT SALVAGE CONTRACT

It is hereby agreed this 19th day of September, 2010 at 1900 hours at Knutsons (location) by and between Glen Nelson (Owner or Captain) for the Yacht named "Matrix Rose" ("Vessel") which is described as a 64 ft. Queenship (yr - manufacturer - length) and insured by: ____________ ("Underwriter") and North Shore Towing & Diving (Salvage Company/Salvor), to salvage the yacht under these terms and conditions:

1. Salvor agrees to render assistance to and endeavor to save said yacht and its property and deliver her afloat or ashore at ______________ marina or port as mutually agreed, or to nearest safe port if unspecified herein, as soon as practicable.

2. Salvor shall have the requisite possession and control of the subject yacht and be entitled without expense to the reasonable use of the yacht and its gear in the performance of recovery or salvage operations.

3. Said salvage and any towage services by the Salvor shall terminate upon delivery of said yacht as designated herein. Owner and Underwriter shall be responsible for any storage, towing or other port or marina charges following delivery and for risk of loss thereafter.

(a) NO CURE/NO PAY (Compensation, including special compensation, to be determined under ARTICLES 13 and 14, SALCON 89, and U.S. Admiralty Law.)
INITIALS NK / ________
salvor owner

(b) NO CURE/NO PAY, AT A FIXED PRICE of $________________
INITIALS ________ / ________
salvor owner

(c) NO CURE/NO PAY at $____________/per hour/per day/per vessel (or in accordance with SALVOR's published rates, initialed and attached hereto).
INITIALS ________ / ________
salvor owner

(d) OTHER:

4. Compensation to Salvor for the services performed hereunder shall be in accordance with a billing and any supportive analysis of the salvage operation to be presented to Owner and Underwriter's agents upon completion of salvage. Billing to be calculated on the basis specified in No. 3. No agreement on price or its reasonableness has been made at the scene unless agreed to in writing.

5. Services hereunder are rendered on a "No Cure, No Pay" basis; however, salvor shall be entitled to a reasonable allowance for prevention or minimization of environmental damage in accordance with Articles 13 & 14 of the 1989 International Convention on Salvage,as well as for clean up or wreck removal in the event the vessel is deemed a constructive total loss. Payment is due promptly upon presentation of Salvor's bill. Interest at the rate of one and one-half (1.5%) percent per month (or the maximum legal rate allowed) shall accrue on any unpaid balance from 30 days after completion of salvage and presentation of a salvage bill, or as determined in accordance with the findings of any Arbitration Award.

6. In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder, all parties agree to binding local arbitration utilizing individual(s) experienced in maritime and salvage law. The Boat Owners Association of The United States Salvage Arbitratio n Plan, though not required, is available as a public service through Boat Owners Association of The United States wherever the parties agree to its use. In the event Owner is uninsured for payment of these services, Salvor may, at its election, agree with Owner to use any agreeable arbitration system or to proceed with all available legal remedies to recover sums believed due and owing.

7. It is understood that services performed hereunder are governed by the Admiralty and Maritime Jurisdiction of the Federal Courts and create a maritime lien against the yacht or its posted security. Salvor's lien shall be preserved until payment. Salvor agrees in lieu of arrest or attachment to accept from the yacht's Underwriter, a Letter of Undertaking for an amount equal to one and one- half (1.5) times the presented billing with a copy of the insurance policy and coverage information. If the yacht is uninsured or its Underwriter cannot provide a Letter of Undertaking, Salvor may demand the posting of a Surety Bond with its designated Escrow Agent in an amount equal to 1.5 times the Salvor's bill. Salvor may satisfy collection of fees or charges hereunder by recourse to any security posted and shall be entitled to any costs incurred in collection of payments due hereunder including reasonable attorneys fees subject to the findings of any arbitration.

8. Salvor hereby warrants that it is acting on its own behalf and on behalf of any subcontractors retained by Salvor to perform services in the recovery or delivery of the yacht. Salvor shall be responsible for any such subcontractors' compensation.

9. In the event the Salvor has already rendered salvage services to the described yacht prior to execution of this contract, the provisions of this contract sha ll apply to such salvage services.

SIGNED: ______________________ ______________________

Owner/Captain or Owner's Agent — Salvage Company

Glen Nelson

Print Name & Address:

Glen Nelson
732 Smithtown By Pass
Smithtown, N.Y. 11787

Phone: (516) 708-2230

Fax: (___) _____

Print Name & Address:

Mitch Kramer
22 Locust Ave.
E. Norwich, N.Y. 11732

Phone: 516) 6213483

Fax: (___) _____

## VERIFICATION

I, Mitchell Kramer, being duly sworn, declare and state as follows:

I am the Chief Executive Officer of North Shore Towing & Diving, Inc. and have personal knowledge of the herein described matter. I am authorized to make this Verification on behalf of North Shore Towing & Diving, Inc.

Under penalty of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true.

As for the statements I have made based on information and belief, I declare under penalty of perjury that the facts stated in it are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Mitchell Kramer

Sworn to before me this
18 day of January, 2011

NOTARY PUBLIC

GAETANO SABATINO
Notary Public, State of New York
Qualified in Queens County
Reg. No. 01SA6222083
My Commission Expires May 17, 2014